**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAO GROUP HOLDINGS, LLC, | No.   22-15506 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:21-cv-00382-GMN-NJK |
| EMPLOYERS INSURANCE COMPANY<br>OF WAUSAU, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted November 18, 2022**
San Jose, California

Before:  SCHROEDER, GRABER, and FRIEDLAND, Circuit Judges.

Employers Insurance Company of Wausau ("Wausau") issued Tao Group

Holdings, LLC ("Tao") a property insurance policy ("the Policy"), insuring Tao's

restaurant and entertainment venues "against all risks of direct physical loss or

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

damage" except those expressly excluded.  In March 2020, local governments in several states where Tao's insured properties are located attempted to contain the spread of COVID-19 by issuing orders that prohibited in-person dining.  As a result, Tao had to close its venues partially or completely.  It incurred significant losses.

Tao submitted a claim to Wausau seeking coverage for its COVID-19-related losses, and Wausau denied coverage because "there was no physical damage[,] and contamination is an excluded peril."  Tao then sued Wausau, alleging that the Policy covered its losses because the COVID-19 virus was physically present at Tao's properties, caused physical damage, and impaired the use of the property.  The Complaint detailed how the virus spreads and cited various studies and reports.  Tao successfully moved for judicial notice of further studies and reports on how the virus spreads.  Tao argued that in denying coverage for Tao's losses, Wausau breached its duties under the insurance contract; violated the Nevada Unfair Claims Practices Act, Nev. Rev. Stat. § 686A.310; and breached the implied covenant of good faith and fair dealing.  Tao sought damages and a declaratory judgment that the Policy insured its losses.  The district court dismissed Tao's Complaint without leave to amend under Federal Rule of Civil Procedure 12(b)(6), holding that Tao did not allege "direct physical loss or damage" sufficient to trigger coverage under New York, Illinois, or California law.  Reviewing de

novo, *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021), we affirm.

1.   Under New York law, an insured's allegations that its property was unusable for its intended purpose or physically altered by the presence of COVID-19 are insufficient to state a basis for coverage where the insurance policy requires direct physical loss or damage to property. *Consol. Rest. Operations, Inc. v. Westport Ins. Corp.*, 205 A.D.3d 76, 82–83 (N.Y. App. Div. 2022).  Although a policyholder might be able to state a claim if it identified anything "it had to replace, anything that changed, or that was actually damaged . . . [or] stopped working," *id.* at 86, Tao did not do so and thus failed to allege facts sufficient to trigger coverage under New York law.  Tao has not argued that it could add such allegations if given leave to amend.

2.   The presence of COVID-19 on an insured's premises and associated loss of use of the property are likewise insufficient to trigger property insurance coverage under Illinois law. *Sweet Berry Café, Inc. v. Soc'y Ins., Inc.*, 193 N.E.3d 962, 974 (Ill. App. Ct. 2022); *Lee v. State Farm Fire & Cas. Co.*, --- N.E.3d ---, 2022 WL 829651, at *3–4 (Ill. App. Ct. 2022).  Although a plaintiff might be able to state a claim by alleging that "property needed to be repaired or replaced," *Sweet Berry Café*, 193 N.E.3d at 974, Tao did not do so and thus failed to state a basis for coverage under Illinois law.  Again, Tao has not argued that it could make such

allegations if given leave to amend.

3.   Under California law, loss of use of property does not constitute "direct physical loss of or damage to" property.  *Mudpie*, 15 F.4th at 892.  The California Court of Appeal held in *United Talent Agency v. Vigilant Insurance Co.*, 293 Cal. Rptr. 3d 65 (Ct. App. 2022), that "the presence . . . of the [COVID-19] virus does not constitute direct physical damage or loss" to property.  *Id.* at 79.  Tao argues that *Marina Pacific Hotel & Suites, LLC v. Fireman's Fund Insurance Co.*, 296 Cal. Rptr. 3d 777 (Ct. App. 2022), disagreed with *United Talent Agency*, but the court in *Marina* focused on the allegation that the insured had disposed of property to get rid of COVID-19 contamination and that the insurance policy at issue expressly covered loss or damage resulting from communicable diseases.  *Id.* at 788–90.  Tao has not alleged that it had to dispose of property damaged by COVID-19, nor did its policy contain an express provision covering loss or damage resulting from communicable diseases, so Tao did not allege facts sufficient to trigger coverage under California law.  Nor has Tao argued that, if given leave to amend, it could add allegations like those in *Marina*.

4.   Tao's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Nevada Unfair Claims Practices Act,[1]

---

[1] Even if a bad faith denial of insurance coverage could support a violation of the Nevada Unfair Claims Practices Act in the absence of a breach of the insurance contract, Tao has not alleged a bad faith denial here.  Wausau's swiftness

and for a declaratory judgment all rest on the premise that its properties suffered direct physical loss or damage.  Because Tao did not allege such loss or damage under New York, Illinois, or California law, these claims all fail as a matter of law.  The district court did not err in denying Tao leave to amend its complaint because Tao did not offer to allege that it had to repair, replace, or dispose of any property, which might distinguish the otherwise controlling precedents. Amendment therefore would have been futile.  *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020).

**AFFIRMED.**

---

in resolving the claim, without more, cannot create an inference bad faith when the denial was consistent with the Policy's terms.